UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN W. STAPLETON,

        Plaintiff,

v.                                                         Case No. 24-cv-1041-bhl

OFFICER KIRKOWSKI,
OFFICER STEBANE, and
SGT. SANGRAW,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Justin Stapleton, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Stapleton's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Stapleton has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Stapleton has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.04. Stapleton's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:24-cv-01041-BHL   Filed 11/12/24   Page 2 of 7   Document 16

alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Stapleton, on January 12, 2024, he stopped Defendant Officer Kirkowski at his cell and said, "How about I kill myself?"  Kirkowski allegedly responded, "Do what you got to do."  Stapleton states that, after placing a razor against his neck, he asked Kirkowski if he had ever seen an inmate slice his jugular.  Kirkowski allegedly walked away, at which time Stapleton allegedly began to cut his neck.  Kirkowski returned to Stapleton's cell about twenty-five minutes later.  Stapleton asserts that he continued to cut himself all over his body as Kirkowski watched.  According to Stapleton, Kirkowski eventually called for Defendant Sergeant Sangraw.  Stapleton alleges that, although Sangraw denied seeing Stapleton cut himself, he removed Stapleton from his cell and placed him on clinical observation.  Dkt. No. 1.

Stapleton next alleges that, about a month later, on February 16, 2024, he and Defendant Officer Stebane argued over Stapleton's refusal to return his lunch tray.  Stapleton asserts that he stated, "I'm going to get suicidal dog" and again later told Stebane that he was suicidal and was going to self-harm.  After Stebane walked away, Stapleton allegedly began cutting himself.  Stapleton alleges that he has scars all over his body and that "these situations caused psychological & emotional distress & suffering that the Plaintiff still suffers from & tries to endure."  Dkt. No. 1.

## THE COURT'S ANALYSIS

The Seventh Circuit has repeatedly "recognized a jail or prison official's failure to protect an inmate from self-harm as one way of establishing deliberate indifference to a serious medical need."  *Miranda v. Cnty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018).  Of course, not every claim

by a prisoner that he did not receive adequate protection will succeed. *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citations omitted). To prevail on such a claim, a plaintiff must show that defendants (1) were aware of an objectively serious risk of harm to him; and (2) knowingly or recklessly disregarded it. *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (citations omitted).

With this standard in mind, Stapleton may proceed on an Eighth Amendment claim against Kirkowski based on allegations that he ignored Stapleton's threats of self-harm and/or suicide and then watched Stapleton repeatedly cut himself before he finally reported Stapleton's actions to a supervisor. Whether Stapleton states a claim against Sangraw is a close call. According to Stapleton, Sangraw removed him from his cell and placed him on observations status, which does not suggest that he was deliberately indifferent to the risk of harm Stapleton posed to himself. But Stapleton also alleges that Sangraw denied seeing Stapleton harm himself even though Stapleton asserts that he was cutting himself in Sangraw's presence. Construing the allegations broadly, the Court can reasonably infer that Sangraw may have delayed responding to Stapleton's acts of self-harm, which is sufficient for Stapleton to state a claim against him.

The Court will not, however, allow Stapleton to proceed on a claim against Stebane because Stebane is not properly joined in this action. *See* Fed. R. Civ. P. 21. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir.

4

2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Because Stapleton's claim against Stebane arises from an event that is completely separate from the event that gave rise to his claims against Kirkowski and Sangraw, he cannot bring the claims in the same lawsuit. If Stapleton wants to pursue his claim against Stebane, he must do so in a separate case. The Court reminds Stapleton that he will be required to pay the filing fee for every case he files.

**IT IS THEREFORE ORDERED** that Stapleton's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stebane is not properly joined in this action, so the clerk's office is directed to terminate him from this action. *See* Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Stapleton's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Kirkowski and Sgt. Sangraw.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Kirkowski and Sgt. Sangraw shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Stapleton is located.

**IT IS FURTHER ORDERED** that the agency having custody of Stapleton shall collect from his institution trust account the $348.96 balance of the filing fee by collecting monthly payments from Stapleton's prison trust account in an amount equal to 20% of the preceding

5

Case 2:24-cv-01041-BHL   Filed 11/12/24   Page 5 of 7   Document 16

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Stapleton is transferred to another institution, the transferring institution shall forward a copy of this Order along with Stapleton's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Stapleton is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

6

Case 2:24-cv-01041-BHL   Filed 11/12/24   Page 6 of 7   Document 16

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Stapleton may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge