**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JUSTIN W. STAPLETON,**

**Plaintiff,**

**v.** **Case No. 24-CV-1041**

**PAWEL KURKOWSKI, *et al.*,**

**Defendants.**

---

# ORDER

---

From May 11, 2026, through August 19, 2026, *pro se* plaintiff Justin W. Stapleton filed a variety of motions, mostly concerning discovery issues. (ECF Nos. 139, 140, 143, 147, 152, 153, 158, 168, 170, and 177.) This order resolves these motions. Stapleton should note **that any additional motions concerning the issues discussed herein will be denied without further comment**.

## MOTIONS RELATED TO PRODUCTION OF PHOTOS, VIDEOS, AND MEDICAL FILES (ECF NOS. 139, 140, 153, 168.)

Stapleton requests that the court reopen discovery. (ECF No. 139 at 1.) He further demands that the court order staff at Green Bay Correctional Institution (GBCI) to return his flash drive to him. (*Id.*) Additionally, he states that he needs the defendants to produce his entire medical file including all files from the Health Services Unit and the Psychological Services Unit from 2020 to present. (*Id.* at 2; ECF No. 168 at 1-2.) He states he cannot afford to obtain these on his own because he does

not have money for copies. (*Id.*) He also requests that the court order the defendants to respond to the discovery he sent on April 28, 2026, which the court notes he sent well after the close of discovery; after the court denied several motions asking to reopen discovery; and several days after the defendants filed a motion for summary judgment. (ECF No. 139 at 5.) He states he had to serve this discovery late because the defendants delayed in taking the court-ordered photographs of his scars. (*Id.*)

Stapleton also makes another request regarding photos that Lt. Howorth took on January 12, 2026. (ECF No. 140 at 1.) He states that the photos were intentionally deleted. (*Id.* at 2.) He seeks $2000.00 in sanctions. (*Id.*) Stapleton further requests that the court, on its own, obtain a copy of the flash drive that contains the relevant photographs and body camera footage. (ECF No. 153.)

The court has previously declined to reopen discovery, noting that Stapleton had more than enough time to conduct the discovery he needed to defend a motion for summary judgment. (ECF No. 138 at 2.) Knowing that the court had already determined that discovery would not be reopened, he should not have sent additional discovery on April 28, 2026, after the defendants filed for summary judgment. Also, Stapleton has access to his medical records, and the court will not compel the defendants to provide them simply because he cannot afford the copies.

As for ordering GBCI to return his flash drive, that is an institutional issue that Stapleton must pursue through the grievance system. The court will not get involved in the day-to-day operations of the institution. *See Scarveu v. Litscher,* 434

F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)).

The court also has already determined that Stapleton has obtained sufficient video and photographic evidence to defend a summary judgment motion. (ECF No. 138 at 3.) It is Stapleton's responsibility to produce what evidence he has in response to the defendants' summary judgment motion, and he is limited to producing the evidence in whatever format it is available to him in. Stapleton should produce what he has and the court will fairly and competently evaluate the evidence.

As to his request for sanctions, as stated previously, Stapleton has provided no evidence that the photos were destroyed in bad faith or intentionally other than his own personal belief. (ECF No. 138 at 4.) His motions are denied.

**MOTION TO ADD EIGHTH AMENDMENT CLAIM (ECF NO. 143)**

Stapleton moves the court to add a deliberate indifference to medical needs claim pursuant to the Eighth Amendment against the defendants because they delayed his medical care. (ECF No. 143 at 1.) Stapleton is attempting to amend his complaint. As the court previously explained in its March 11, 2025, order, Civil Local Rule 15(b) states that the motion to amend "must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." Additionally, Civil Local Rule 15(a) states that the proposed amended pleading must include "the entire pleading as amended and may not incorporate any prior pleading by reference." (ECF No. 35 at 1.) Thus,

in order to add this claim, Stapleton needs to file a motion for leave to amend the complaint and reproduce the entire pleading with his motion to amend.

However, **it is extremely unlikely** that the court will grant a motion for leave to amend at this stage in the case. While leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2), a court need not grant leave where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Should Stapleton move to amend his complaint at this stage in the case, where discovery has been closed for months and there has been a summary judgment motion pending since April 8, 2026, the court would likely deny the motion due to undue delay on Stapleton's part and undue prejudice to the defendants. His motion is denied.

**MOTIONS TO STRIKE AND RELATED MOTION FOR SANCTIONS (ECF NOS. 147, 152, 158)**

Stapleton moves to strike several portions of Exhibit 1000, which the defendants submitted in support of their motion for summary judgment, because he believes the information contained in the exhibit is falsified. (ECF Nos. 147 at 1-2; 152 at 4.) The arguments Stapleton raises to support his motions to strike are actually descriptions of his version of the events and not evidence of falsification. Stapleton should raise these arguments in his response to the defendants' motion for summary judgment. Because Stapleton has not provided any evidence that the exhibit was falsified, his motions to strike and related motion for sanctions are denied.

**MOTION TO COMPEL AND MOTION FOR ORDER (ECF NOS. 170, 177)**

Stapleton states that during the discovery process for another case before this court, 24-cv-1562, he learned that there were two forms "called DOA-15807, Employee Investigation Reports and DOC-2833 Staff Fact Finding" (ECF No. 170 at 1-2.) He included the forms from 24-cv-1562 with his reply materials. (ECF No. 179-1 at 11-18.) He states that similar forms should have been provided to him in this case because they were responsive to his Requests for Production Number 3 and Number 8. (*Id.* at 2.)

The defendants, in their response to this motion, state that as a result of this motion, they supplemented their discovery responses on August 10, 2026. (ECF No. 171 at 1-2.) The defendants state they have now fully responded to Stapleton's discovery. (*Id.*) They included what they produced as attachments to their response, and the forms Stapleton references, after a cursory review by the court, do not appear to be included. (ECF No. 172.) As such, they must not exist. His motion is denied.

Stapleton also recently filed a motion asking for the court to rule on his motion to compel so he has sufficient time to respond to the defendants' motion for summary judgment. (ECF No. 177.) The court has now ruled on the motion to compel, so this motion is denied as moot. However, the court will extend Stapleton's deadline to respond to the motion for summary judgment to **October 9, 2026**. The court notes that Stapleton has had several months in which to work on his response to the

defendants' motion for summary judgment, and he did not need to wait for the outcome of these motions to make progress on his response, since these motions dealt with narrow discovery issues. As such, the court **will not grant additional extensions of time absent the showing of extraordinary circumstances**.

The court has now fully exhausted all issues pertaining to outstanding discovery. Stapleton needs to move on and focus on his response to the defendants' motion for summary judgment. As noted above, should Stapleton file any related motions to these issues, the court will deny them without further comment.

**IT IS THEREFORE ORDERED** that Stapleton's motions related to production of photos, videos, and medical files (ECF Nos. 139, 140, 153, 168) are **DENIED**.

**IT IS FURTHER ORDERED** that Stapleton's motion to add an Eighth Amendment claim (ECF No. 143) is **DENIED.**

**IT IS FURTHER ORDERED** that Stapleton's motions to strike and motion for sanctions (ECF Nos. 147, 152, 158) are **DENIED**.

**IT IS FURTHER ORDERED** that Stapleton's motion to compel (ECF No. 170) is **DENIED**.

**IT IS FURTHER ORDERED** that Stapleton's motion for order (ECF No. 171) is **DENIED as moot.** The deadline by which Stapleton must respond to the defendants' motion for summary judgment is **EXTENDED** to **October 9, 2026.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

Dated at Milwaukee, Wisconsin this 4th day of September, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge